IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>CARLOS MUÑOZ ROVIRA<br><br>Debtor | CASE NO. 18-00050 ESL<br><br>CHAPTER 13 |

MOTION REQUESTING LEAVE TO FILE LATE CLAIM

**TO THE HONORABLE COURT:**

**COMES NOW** Condado 3 CR, LLC [hereinafter "Condado 3"] represented by the undersigned counsel and respectfully Alleges, States and Prays:

1. The above captioned debtor filed a voluntary Chapter 13 Bankruptcy Petition on January 6, 2018.

2. Condado 3 is the holder in due course of the following mortgage notes:

    a. Mortgage Note in the amount of $130,000.00 bearing interests at 11.99% per annum, due on demand;

    b. Mortgage Note in the amount of $11,000.00 bearing interests at 7.49% per annum, due on demand;

    c. Mortgage Note in the amount of $12,000.00 bearing interests at 12.00% per annum, due on demand;

3. The bar date for filing non-governmental claims lapsed on March 19, 2018.

4. Condado 3 was under the impression that they had filed a proof of claim in the instant case. Unfortunately due to an honest mistake Condado 3 failed to file the corresponding proof of claim.

5. Therefore, Condado 3 is requesting this Court leave to file the corresponding proof of claim.

6. According to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of **excusable neglect**."

7. In order to determine if excusable neglect applies the Court must evaluate: "(1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *In re Thomas* 2011 WL 902484 (2011), *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.,* 507 U.S. 380 (1993)

8. In the instant case, neither the debtor nor his bankruptcy case is in jeopardy of suffering prejudice since his bankruptcy case is still being administered and the Chapter 13 Plan has not been confirmed. The meeting of creditors is scheduled for May 22, 2018.

9. The main reason the debtor had to file the instant bankruptcy petition was to pay Condado 3's claim.

10. As soon as Condado 3 realized that they had not filed a proof of claim they proceeded to file the same. In the instant case the proof of claim was filed only forty five (45) days after the bar date had lapsed.

11. For the reasons stated herein, excusable neglect existed, hence Condado 3's claim should be allowed even though it was filed after the bar date had lapsed.

**WHEREFORE,** it is respectfully requested of this Honorable Court to allow Condado 3 to file a proof of claim after the bar date has lapsed.

**I HEREBY CERTIFY:** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Debtor's attorney Irving K. Hernández Valls, Esq., Chapter 13 Trustee José R. Carrión Morales, Esq. US Trustee Monsita Lecaroz Arribas, Esq., and to all those who in this case have registered for receipt of notice by electronic mail.

**RESPONSE TIME**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED:**

In Caguas, Puerto Rico this 10th day of May, 2018.

/s/Isayra Bagué Díaz, Esq.
USDC 225114
PMB 181 PO Box 4952
Caguas, PR 00726
Tel: 787-536-6719
E-mail: ibdiazlaw@gmail.com